IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ESTES EXPRESS LINES,

          *Plaintiffs*,

   v.

U.S.A. LAMP AND BALLAST
RECYCLING, INC. d/b/a CLEANLITES
RECYCLING, INC.,

          *Defendant*.

Civil Action No. 2:21-cv-609

Hon. William S. Stickman IV

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Pending before the Court is Plaintiff Estes Express Lines' Motion for Prejudgment and Post-judgment Interest (the "Motion"). (ECF No. 192). The facts underlying this action are well-known to the Court and to the parties. This dispute began after a mercury spill occurred at Plaintiff Estes Express Lines' ("Estes") terminal in Eighty Four, Pennsylvania (the "Terminal"). Defendant U.S.A. Lamp and Ballast Recycling Inc., d/b/a Cleanlites Recycling Inc. ("Cleanlites") hired Estes to transport a container of mercury from Cincinnati, Ohio, to Hellertown, Pennsylvania, with a transfer of the container between trucks at Estes's terminal in Eighty-Four, Pennsylvania. Somewhere between the Cincinnati and Eighty-Four terminals, the cargo inside the trailer violently shifted, upending the container of mercury, which was struck by a heavy drill press. While waiting for transport from Eighty-Four to its final destination, Estes workers discovered that mercury had leaked from the container and was present in various areas of the Terminal. Estes brought this action against Cleanlites, asserting a single count of negligence under Pennsylvania law. It later amended its complaint to add a common law strict liability claim and claims under the

1

Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. 9601 *et seq.* ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 P.S. § 6020.101 *et seq.* ("HSCA").   (ECF No. 36).

A jury trial was held on Estes's negligence claim.   The parties agreed to the amount of damages at issue for trial with respect to the cleanup costs of the Terminal - $591,744.99. (ECF No. 183, pp. 11–12); (ECF No. 191, pp. 3–4).   The jury's role was only to determine and apportion liability under Pennsylvania common law negligence principles.   (See ECF Nos. 180, 181).   On March 22, 2024, the jury returned its verdict finding that Estes and Cleanlites were each fifty percent responsible for the spill.   (ECF No. 188).  On May 22, 2024, the Court issued the apportionment of liability on Estes's CERCLA and HSCA claims.   (ECF No. 196).  It held that Cleanlites was liable for 10% of Estes's recoverable response costs, Estes was liable for 90% of its recoverable response costs, and that this apportionment did not apply to the negligence claim adjudicated by the jury pursuant to 42 U.S.C. § 9614(b).

Estes's current Motion seeks prejudgment and post-judgment interest on the jury's award. For the following reasons, the Court will grant the Motion.

## I.   ANALYSIS

### A.    Delay damages will be awarded.

Pennsylvania law governs awards of prejudgment interest, or delay damages, in federal diversity actions.  *Edward v. Wyatt*, 330 F. App'x. 342, 352 (3d Cir. 2009) (citation omitted). Prevailing plaintiffs may be entitled to receive compensation for delay from two potential sources—prejudgment interest or delay damages.  *Nutrition Mgmt. Servs. Co. v. Harborside Healthcare Corp.*, No. 01-CV-0902, 2005 WL 1176048, *1, *7 (May 17, 2005, E.D. Pa.).  Estes's Motion asks for prejudgment interest or, in the alterative, delay damages.  As explained below,

prejudgment interest is unavailable as a matter of law.  Estes's request for delay damages will be granted.

### 1.      Estes is not entitled to prejudgment interest.

Prejudgment interest was first recognized in the contract setting.  In *Fernandez v. Levin*, 548 A.2d 1191 (Pa. 1988), the Pennsylvania Supreme Court adopted Section 354 of the Restatement (Second) of Contracts as the law of the Commonwealth with respect to the recovery of interest as damages in breach of contract actions.  Section 354, titled "Interest As Damages," provides:

> (1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.
> (2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

Restatement (Second) of Contracts § 354.  The purpose of awarding interest as damages, "is to compensate an aggrieved party for detention of money rightfully due him or her, and to afford him or her full indemnification or compensation for the wrongful interference with his or her property rights.  The allowance of interest as an element of damages is not punitive, but is based on the general assumption that retention of the money benefits the debtor and injures the creditor." *TruServ Corp. v. Morgan's Tool & Supply Co.*, 39 A.3d 253, 263 (Pa. 2012) (quoting 25 C.J.S. Damages, § 80).  However, "as prerequisites to running of prejudgment interest, the debt must have been liquidated with some degree of certainty and the duty to pay it must have become fixed." *Id.* at 264 (citation omitted).  "Thus, even where the terms of a contract do not expressly provide for the payment of interest, a nonbreaching party has a legal right to recover interest, as damages, on a definite sum owed under the contract." *Id.*

As a general rule, prejudgment interest is not recoverable in tort actions where the damages sought are unliquidated.  *See Marrazzo v. Cranton Nehi Bottling Co.*, 263 A.2d 336, 337 (Pa. Super. 1970); *Robert Wooler Co. v. Fidelity Bank*, 479 A.2d 1027, 1034 (Pa. Super. 1984).  An exception to the general rule is made in cases where the tort remedy consists of compensation for the destruction of property and where it is possible to measure the amount of compensation by market value or other definite standard.  *Marrazzo*, 479 A.2d at337.  In other words, prejudgment interest may be recoverable in tort-based cases where the damages are liquidated and, therefore, ascertainable with a great degree of certainty.

Estes did not assert a breach of contract claim against Cleanlites.  Its claims were premised in tort and both federal and state statutes.  The trial, and the jury's verdict, concerned only Estes's negligence claim.  Thus, as a general matter, prejudgment interest is not available.  Estes's negligence claim does not fall into the narrow exception which would permit the recovery of prejudgment interest—i.e., this is not a situation where there were liquidated damages.[1]  To the extent that it seeks prejudgment interest, therefore, Estes's Motion is denied.

### 2.     Estes is entitled to delay damages.

Even where prejudgment interest is not available, a successful plaintiff may still recover interest to compensate for delay caused by the defendant in the litigation process.  As opposed to prejudgment interest, which arises from the common law of contract, delay damages are established by rule and expressly permit delay damages in tort actions.  Pennsylvania Rule of Civil Procedure 238 ("Rule 238") permits the award of delay damages in actions for bodily injury, death,

---

[1]  The parties' stipulation, at the time of trial, as to the amount of damages at issue does not render the damages liquidated.  As explained above, liquidated damages are readily ascertainable at the beginning of litigation.  The procedural history between the parties shows that they still dispute the total amount of damages potentially attributable to Cleanlites' negligence.

or property damage.  Pa. R. Civ. P. 238(a)(1).  To encourage settlement and compensate plaintiffs for the delay in receiving the money to which they are entitled, Rule 238 authorizes courts to award interest on compensatory damage awards.  *Travelers Cas. & Sur. Co. v. Ins. Co. of N.Am.*, 609 F.3d 143, 170 (3d Cir. 2010); *Weber v. GAF Corp.*, 15 F.3d 35, 36 (3d Cir. 1994).

When a court finds that delay damages are warranted under Rule 238, the calculation does not necessarily encompass the entire litigation period.  Rather, pursuant to subsection (a)(2), "[d]amages for delay shall be calculated at the rate equal to the prime rate from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.  Further, Rule 238 provides for two periods of time which may be excluded from the calculation of time for which delay damages are assessed:

> (b)(1) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,
> > (i) after the defendant made a written offer which complied with the requirements of subdivision (b)(2), provided that the plaintiff obtained a recovery which did not exceed the amount described in subdivision (b)(3), or
> > (ii) during which the plaintiff caused delay of the trial.

Pa. R. Civ. P. 238(b)(1)(i-ii).

Rule 238 also includes provisions specifying the manner in which a party may seek delay damages:

> (c) Not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation. The motion shall begin with the following notice:
>
> NOTICE
>
> You are hereby notified to file a written answer to the attached motion for delay damages within twenty days from the filing of the motion or the delay damages sought in the motion may be added to the verdict or decision against you.
>
> (1) Within twenty days after the motion is filed, the defendant may answer specifying the grounds for opposing the plaintiff's motion. The averments of the answer shall be deemed denied. If an issue of fact is raised, the court may, in its discretion, hold a hearing before entering an appropriate order.

*Note*: An order of the court on the motion for delay damages shall not be subject to a motion for post-trial relief.

(2) If the defendant does not file an answer and oppose the motion, the prothonotary upon praecipe shall add the damages for delay to the verdict or decision in the amount set forth in the motion.

(3)(i) If a motion for post-trial relief has been filed under Rule 227.1 and a motion for delay damages is pending, a judgment may not be entered until disposition has been made of all motions filed under Rule 227.1 and this rule.
(ii) If no motion for post-trial relief is filed within the ten-day period under Rule 227.1 but the defendant opposes the motion for delay damages, the plaintiff may enter judgment on the verdict or decision. Thereafter, upon deciding the motion for damages for delay, the court shall enter judgment for the amount of the delay damages, if any.

(*Id.*).

The burden lies with the defendant to prove that the plaintiff is not entitled to delay damages. *Rosen v. Rucker*, 905 F.2d 702, 707 (3d Cir. 1990) (citing Pa. R. Civ. P. 238 (Explanatory Comment)); *see also Sopko v. Murray*, 947 A.2d 1256, 1258 (Pa. Super. 2008) ("It is the defendant who bears the burden of proof when opposing the imposition of delay damages and may do so by establishing that (1) the requisite offer has been made or (2) the plaintiff was responsible for specified periods of delay."). Cleanlites argues that, as a threshold matter, Estes's request for delay damages was untimely and should be denied. It correctly observes that Estes's Motion was filed outside the ten-day window established by Rule 238(c). The determination of whether Estes's Motion is untimely hinges on whether Rule 238(c) is substantive—and thus must be applied under the *Erie* doctrine[2]—or whether it is merely procedural and, therefore, will be superseded by federal procedure. Caselaw is not entirely clear on this point.

---

[2] Under the *Erie* doctrine, "a federal court sitting in diversity must apply substantive state law and federal procedural law." *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v.*

As a general matter, federal courts are clear that Rule 238 is substantive—at least to the extent that it creates a right to delay damages where appropriate under the Rule. In *Fauber v. KEM Transp. and Equip. Co., Inc.*, 876 F.2d 327, 331 (3d. Cir. 1989), the United States Court of Appeals for the Third Circuit held that Rule 238 is substantive for *Erie* purposes. It explained that the test for whether a rule is substantive or merely procedural is:

> whether application of the rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum State, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court.

*Fauber*, 876 F.2d at 331 (quoting *Hanna v. Plumer*, 380 U.S. 460, 468, n.9 (1965)). Applying the analysis, the Third Circuit concluded that Rule 238 is substantive because it creates an affirmative right to damages that would not otherwise be available: "Rule 238…permits a successful tort plaintiff to recover prejudgment interest on his claim unless the defendant can show the plaintiff himself improperly caused the delay. It is substantive for *Erie* purposes." *Id.* at 332.

In *Rosen v. Rucker*, 905 F.2d 702 (3d. Cir. 1990), the Third Circuit reiterated that Rule 238's creation of a right to delay damages is substantive, but also recognized that elements of the Rule may be merely procedural. It stated, "This court has determined that for purposes of the *Erie* doctrine, the rule is substantive and thus applies in federal courts sitting in diversity." *Id.* at 705 (citation omitted). The Third Circuit explained that a request for delay damages under Rule 238 in federal court should use the "simple and comprehensive rules of procedure" set forth at Federal Rule of Civil Procedure 59(e), as opposed to the procedure set forth by Rule 238. *Id.* at 705-06. It noted, "there are aspects of both the *Craig* decision and Rule 238 which are purely procedural.

---

*WithumSmith Brown, P.C.*, 692 F.3d 283, 302 (3d. Cir. 2012) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

For example, *Craig* sets forth a procedure on petition and a rule for deciding the extent to which delay damages should be imposed under Rule 238. That prevision does not govern in district courts." *Id.* at 706 (citation omitted).

While the Third Circuit recognized that the substantive right conferred by Rule 238 is substantive, and that the parts of Rule 238 governing the procedure for lodging a request for delay damages are purely procedural, it never squarely addressed whether the ten-day time limit to assert a claim for delay damages is substantive or procedural. District courts have reached different conclusions on this question.

In *Alexander v. Morning Pride Mfg. Inc.*, Nos. CIV.A. 92–1403, 93–971 and 93–4434, 1995 WL 701551 (E.D. Pa. Nov. 29, 1995), the district court concluded that the ten-day limit was procedural and, therefore, not applicable in federal court. The defendant argued that the plaintiffs' request was untimely because it was filed ten days after the court's entry of judgment, rather than the verdict, as required by Rule 238(c). The district court rejected the defendant's argument:

> Initially it is clear that Plaintiffs' position is timely. Although Rule 238 contains some procedural provisions, a federal court sitting in diversity must apply rules of federal procedure. Plaintiffs submitted their petition for delay damages within ten days after the entry of judgment, in accordance with the post-trial order of this Court and Fed.R.Civ.P. 59(e).

*Alexander*, at *3 (internal citation omitted). While not specifically addressing the issue, the district court took for granted that the ten-day timeframe mandated by Rule 238(c) was merely procedural and, therefore, does not control in federal court.

Another district court reached a different result in *Blancha v. Keene Corporation*, Civ. A. No. 87–6443, 1991 WL 274597 (E.D. Pa. Dec. 16, 1991). The defendant claimed that the plaintiff's request for delay damages was untimely because it was filed outside the ten-day

window. The district court took for granted that the ten-day period controlled, but used the federal rules to determine *how* that period should be calculated:

> Rule 238(c) provides that a motion for delay damages may be filed "[n]ot later than ten days after the verdict or notice of the decision." As a federal court sitting in diversity, I must apply Pennsylvania substantive law and federal procedural law. *See Fauber v. KEM Trans. & Equip. Co.,* 876 F.2d 327, 331 n. 12 (3d Cir.1989) (Purely procedural aspects of Rule 238 do not govern in federal courts. Instead, the federal rules apply.)
>
> While I will apply the ten-day standard of Rule 238, I will apply Federal Rule of Civil Procedure 6 to calculate the ten days. *See Rossman v. K Mart Corp.,* 701 F.Supp. 1127, 1134 (M.D.Pa.1988), *aff'd,* 866 F.2d 1413 (3d Cir.1988) (Federal court sitting in diversity applying Pennsylvania Supreme Court decision allowing five days for the filing of a motion for delay damages uses Federal Rule of Civil Procedure 6 to calculate time.)
>
> Judgment was entered on October 23, 1991. Since the period of time to be counted is less than 11 days, intermediate Saturdays, Sundays and legal holidays are excluded. Fed.R.Civ.P. 6(a). The ten day period therefore ended on November 6, 1991, the day plaintiffs' motion was filed. As a result, the motion was timely filed.

*Id.* at *1. While not explaining its rationale, the district court recognized that the "purely procedural aspects of 238" will not apply, but nevertheless applied the ten-day timeframe mandated by the rule. The unavoidable inference is that the district court considered Rule 238(c)'s timeframe to be substantive.

A more recent decision from this District, *Abed-Rabuh v. Hoobrajh,* Case No. 3:17-cv-15, 2019 WL 4930199 (W.D. Pa. Sept. 19, 2019), reached the same conclusion as the *Blancha* court. The Honorable Kim R. Gibson held that the plaintiff's request for delay damages was untimely:

> Rule 238(c) provides that "[n]ot later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation." Pa. R. Civ. P. 238(c). Rule 238 is state substantive law, and federal courts sitting in diversity must apply it under *Erie R.R. v. Tomkins,* 304 U.S. 64 (1938). *Fauber v. KEM Transp. & Equip. Co.,* 876 F.2d 327, 328 (1989). Accordingly, if a plaintiff seeks delay damages, he must file his motion within ten days of the jury verdict. *See Dubose v. Quinlan,* 125 A.3d 1231, 1247 (Pa. Super. Ct. 2015).

The jury verdict was docketed on July 19, 2019, and this Court entered judgment on July 22, 2019. Plaintiff filed his Motion to Alter Judgment on August 15, 2019, which is more than ten days post-verdict. Accordingly, the Court will deny Plaintiff's request for delay damages.

*Id.* at *1–2 (internal ECF citations omitted).

Having examined these cases, which take different positions on the question of whether the ten-day period set forth at Rule 238(c) applies in federal court, the Court holds that it does not. As the *Rosen* court explained, there is no question that the actual procedure mandated by Rule 238(c) is purely procedural and does not govern federal practice. In some respects, the procedure mandated by Rule 238(c) mirrors Pennsylvania's practice on petitions and rules to show cause.[3] They also reference Pennsylvania's motions for post-trial relief set forth at Pa. R. Civ. P. 227.1 ("Rule 227.1"). The Court finds this reference to be instructive. In civil actions, Pennsylvania requires post-trial motions to preserve trial-related matters for appeal. Rule 227.1(c) mandates that such motions be filed within ten days of a verdict. The Court believes that the ten-day period set forth at Rule 238(c)—the same subsection that includes the procedural mechanism for making a claim—is also procedural and was expressly designed to parallel the ten-day requirement for any other post-trial motion. This conclusion is bolstered by the interplay of Pennsylvania Rules of Civil Procedure 221.1(c) and 227.4(1)(a), which permit the prothonotary to enter a judgment upon a jury verdict if no timely post-trial motion is filed [within ten days]. The Court does not believe that the ten-day window set forth by Rule 238(c) can be divorced from the overarching structure of Pennsylvania's Rules of Civil Procedure that require post-trial submissions to be filed within ten-days. Federal courts do not treat Pennsylvania's ten-day period for post-trial motions as

---

[3] Pennsylvania practice on petitions and certain motions seeking the issuance of a rule to show cause, as well as the practice after the issuance of the rule to show cause, have no federal analogue. They are set forth at Pa. R. Civ. P. 206.1—208.1.

substantive. Nor should the parallel ten-day period at Rule 238(c) be treated as substantive. It does not apply in federal court. The Court holds that Estes's motion is not time-barred.

Next, the Court must decide the amount of delay damages that are warranted. Delay damages are mandatory, but exclude certain periods of time: (1) one year following the service of process; (2) the time after a defendant made a written offer of settlement compliant with Rule 238(b)(2) where the plaintiff's recovery was equal to or less than the offer; and (3) any period where the plaintiff delayed the trial. Pa. R. Civ. P. 238(a)(2), (b)(1).

The complaint was filed on May 7, 2021, raising one count of negligence. (ECF No. 1). Cleanlites waived service on June 7, 2021. (ECF No. 3). As such, the period from June 7, 2021, until June 7, 2022, is automatically excluded from the delay damages period pursuant to Pa. R. Civ. P. 238(a)(2).

The Court must determine whether any of the time from June 7, 2022 until the jury verdict on March 22, 2024, is excludable under the provisions of Rule 238(b)(1). Delay damages are not intended to punish defendants; they are intended "to alleviate court congestion by promoting earlier settlement of claims." *Schrock v. Albert Einstein Med.l Center*, 589 A.2d 1103, 1106 (Pa. 1991); *see also Fauber*, 876 F.2d at 332 n. 15. Consistent with that intent, defendants may shield themselves from liability for delay damages in two ways. First, they may tender an appropriate written settlement offer in a timely fashion. *Schrock*, 589 A.2d at 1106. Alternatively, they may "show that the conduct of the plaintiff throughout the course of litigation has delayed trial." *Id.* at 1106; *see also* Pa. R. Civ. P. 238(b)(2). Defendants must, however, bear the cost of trial delays for which no party was responsible, such as those resulting from calendar congestion. *Schrock*, 589 A.2d at 1106.

11

The parties' submissions do not establish that there was a settlement offer by Cleanlites in an amount equal to or greater than the jury's verdict pursuant to the provisions of Rule 238(b)(2). As such, none of the settlement positions taken by either party will serve to exclude any time from the calculation of delay damages.

Cleanlites argues that Estes's request for delay damages should be reduced due to delay that Estes caused in two instances: (1) in amending its complaint on November 10, 2022, to add its claim for strict liability and its statutory claims and (2) by Estes's attempt to recast its damages calculation to include previously undisclosed amounts of damages for future repaving through its expert report.

The Court will exclude the time preceding the November 10, 2022, amended complaint as delay caused by Estes under Rule 238(b)(1)(ii). There is no question that this amendment—which added causes of action that were available to Estes at the time of its original filing—considerably changed, and broadened, the scope of Estes's action and the necessary defenses of Cleanlites. The time needed to respond, via a motion to dismiss, to the amended complaint diverted time and resources from the discovery process to the motion and pleading process. Estes's amendments had the unavoidable effect of causing downstream delays in the litigation of this action, including the trial. Had Estes included its strict liability and statutory claims in its original complaint (which only included a single count of negligence), those delays would have been mitigated. Because the Court deems the delay associated with the amendment in the circumstances of this case to be the fault of Estes, it will exclude the time preceding the amendment from the period for delay damages.

The Court does not find that Estes's late attempt to claim previously undisclosed damages relating to future repaving delayed trial. On April 6, 2023, Estes served an expert report on Cleanlites which offered, for the first time, an opinion that Cleanlites was liable for approximately

eleven million dollars of repaving work on the impacted site. Notably, Estes's initial disclosures identified damages which only totaled $553,563.31. (ECF No. 79, p. 1). The Court's careful review of the docket shows that Estes's attempt to garner more damages did not have any effect on the case's progress to trial.

Fact discovery closed on January 20, 2023 (with the exception of a single supplemental deposition, which the Court granted leave to conduct outside the fact discovery period). (ECF Nos. 56 and 60). The Court's Fourth Amended Agreed Case Management Order issued on March 10, 2023, set summary judgment motions as due on or before June 30, 2023. (ECF No. 56). On April 28, 2023, Cleanlites filed a motion to preclude damages claims of Estes not disclosed in discovery. (ECF No. 66). Briefing was set on that motion. (ECF No. 73 and 75). Meanwhile, the Court adjudicated Cleanlites' motion to dismiss on April 20, 2023, and Cleanlites filed its answer to the amended complaint on May 4, 2023, along with its counterclaims. Estes then filed its answer to Cleanlites' counterclaims on May 25, 2023. (ECF No. 77). By June 1, 2023 Memorandum Opinion and Order, the Court found that Estes failed to identify in its initial disclosures any damages relating to future repaving and, consequently, to include any calculation of the amount of such damages, and it sanctioned Estes by prohibiting it from seeking damages for repaving the impacted area. (ECF Nos. 79 and 80). Cleanlites adhered to the Court's fourth case management order and filed a motion for summary judgment on June 30, 2023. (ECF No. 81). Briefing was completed on August 11, 2023 (ECF No. 88), and the Court issued a September 13, 2023, Memorandum Order denying Cleanlites' motion. (ECF No. 89). By October 5, 2023 Pretrial Order, jury selection and trial were set for March 18, 2024. (ECF No. 90). Pretrial motions and responses were timely filed, and the jury trial commenced as scheduled on March 18, 2024. (ECF No. 173). Because the Court's Fourth Amended Agreed Case Management Order was

adhered to and neither party sought a delay of the jury trial date, the Court does not find that Estes's late attempt to claim previously undisclosed damages relating to future repaving culpably delayed trial.

In sum, the Court holds that delay damages began to run on November 10, 2022. As to the final calculations, Rule 238 explains that delay damages are calculated "at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded." Pa. R. Civ. P. 238(a)(3). Rule 238's Addendum to Explanatory Comment provides the following prime rate percentages:

| Date of Publication | Prime Rate Percentage |
|---|---|
| January 2, 2024 | 8 ½ % |
| January 3, 2023 | 7 ½ % |
| January 3, 2022 | 3 ¼ % |

Pa. R. Civ. P. 238, Addendum to Explanatory Comment (2024). After adding in the required one percent, the Court is left with the following prime rate percentages for the calculation of delay damages:

| Date of Publication | Prime Rate Percentage |
|---|---|
| January 2, 2024 | 9 ½ % |
| January 3, 2023 | 8 ½ % |
| January 3, 2022 | 4 ¼ % |

Applying these rates to the parties' stipulated damages amount of $591,744.99 ($295,872.50 after factoring in the jury's verdict of 50% fault to each party) it results in the following amount of delay damages for:

| Date | Delay Damages |
|---|---|
| 2024 (January 1, 2024 to March 22, 2024) | $6,314.65 |
| 2023 (January 1, 2023 to December 31, 2023) | $25,149.16 |
| 2022 (November 10, 2022 to December 31, 2022) | $1,791.45 |

Adding these amounts together, Estes is entitled to a total of $33,255.26 in delay damages for the time period of November 10, 2022, to March 22, 2024.

**B. Estes is entitled to post-judgment interest as a matter of law.**

Unlike prejudgment interest, federal law governs awards of post-judgment interest, notwithstanding that this is a diversity action. *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). The Court must apply 28 U.S.C. § 1961 rather than state law. *Travelers Cas. & Sur. Co.*, at 157 (applying state prejudgment interest law and federal post-judgment interest law). Section 1961(a) allows post-judgment interest on "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest [is] calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [sic] the date of the judgment." *Id.* "Awarding post-judgment interest is not a reward, but rather just compensation to ensure that a money judgment will be worth the same when it is actually received as it was when it was awarded." *Dunn v. HOVIC*, 13 F.3d 58 (3d Cir. 1993) (citation omitted).

"[P]ost-judgment interest is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it." *Dunn*, 13 F.3d at 62. Here, Estes's entitlement to post-judgment interest is clear and accrues automatically upon the entry of judgment pursuant to 28 U.S.C. § 1961. No order of Court is required to entitle Estes to post-judgment interest from the date of judgment until that judgment is paid.

## II.    CONCLUSION

For these reasons, by Order of Court to follow, the Court will grant Estes's Motion.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Date: 8/15/24

15